[No. 7100–1.   Division One.   December 3, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. SCOTT C. WALLACE, *Appellant.*

*Robert Olson* and *Anna Mari Sarkanen* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Charlene Y. Iboshi, Deputy,* for respondent.

TURNER, J.*—The appellant, Scott Wallace, pleaded guilty to the offense of robbery in the second degree. He was 16 years old at the time of the crime, and had no prior criminal history. At his disposition hearing, he contended that he should be sentenced as a "minor or first offender," under which classification the court could not impose any time in detention. The trial court overruled this contention and imposed a sentence which included two weekends in detention. From this sentence, Wallace appeals.

The issue on this appeal is whether the appellant is a "minor or first offender" as defined by the Juvenile Justice Act of 1977, RCW 13.40. If he is, the inclusion of any detention time in his sentence was error. If he is not, the judgment must be affirmed. The answer to this question must be found in the definitions of "minor or first offender" and "serious offender" contained in RCW 13.40.020. The definition of minor or first offender refers to the definition of serious offender, so the latter will be first discussed.

The pertinent parts of the statute read as follows:

For the purposes of this chapter:
(1) "Serious offender" means a person fifteen years of age or older who has committed an offense which if committed by an adult would be:

---

*Judge Theodore S. Turner is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

(a) A class A felony, or an attempt to commit a class A felony;

(b) Manslaughter in the first degree, rape in the first degree, or rape in the second degree; or

(c) Assault in the second degree, extortion in the first degree, indecent liberties, kidnaping in the second degree, robbery in the second degree, burglary in the second degree, statutory rape in the first degree, or statutory rape in the second degree, where such offenses include the infliction of grievous bodily harm upon another or where during the commission of or immediate withdrawal from such an offense the perpetrator uses a deadly weapon or firearm as defined in RCW 9A.04.110;

. . .

(13) *"Minor or first offender" means a person sixteen years of age or younger* who has committed an offense which if committed by an adult would be a class C felony, a gross misdemeanor, or a misdemeanor, and whose prior criminal history, if any, does not include any class A or B felony, more than two class C felonies, or more than one class C felony plus any series of misdemeanors and/or gross misdemeanors totalling three or more, or any series of misdemeanors and/or gross misdemeanors totalling four or more; *or who has committed an offense which if committed by an adult would be a class B felony (except for any felony which is listed in subsections (1)(a), (b), or (c) of this section) and who has no prior criminal history;*

(Italics ours.)

Although second–degree robbery is listed in subsection (1)(c), appellant contends that the application of that subsection is limited by its own terms to cases in which a listed offense includes infliction of grievous bodily harm or the use of a deadly weapon or firearm; and that since the offense with which appellant was charged did not include either of these aggravating factors, appellant was a minor or first offender under RCW 13.40.020(13).

He argues that the legislature intended that the crimes listed in RCW 13.40.020(1)(a) and (b) would of themselves preclude any juvenile committing them from being treated as a minor or first offender, but that certain other crimes,

*viz.,* those listed in subsection (1)(c), were considered serious enough to impose serious offender status and prevent minor or first offender status only when accompanied by the infliction of grievous bodily harm or the use of a deadly weapon or firearm.

It will be noted from subsection (1) of RCW 13.40.020 that in order to be classed as a serious offender the juvenile must have committed an offense which in an adult would have been one of various felonies. These felonies fall into three classes which are listed in subdivisions (a), (b) and (c). All class A felonies and attempts to commit them are in subdivision (a); all class A felonies are obviously serious. The three class B felonies listed in subdivision (b) are all serious. In subdivision (c) are listed eight specified class B felonies, each of which might or might not be regarded as serious depending on the circumstances. Consequently, the legislature specified that any one of these eight class B felonies would be sufficient to create serious offender status only when aggravated by the infliction of grievous bodily harm or the use of a deadly weapon or firearm.

Subsection (1) does not define any crime. Each of the felonies listed is separately defined in its appropriate section of the criminal code. Subsection (1) does not change those definitions in any way, either directly or indirectly. Consequently, when subsection (1)(c) lists robbery in the second degree, it means robbery in the second degree as defined in RCW 9A.56.190 and RCW 9A.56.210 which may be committed by the use or threatened use of either force or fear of injury. The language in (1)(c) "where such offenses include" the infliction of grievous bodily harm, etc., must be interpreted to mean "where such offenses are accompanied by," not that these aggravating factors are essential elements of the crime.

We now come to appellant's contention that he is a "minor or first offender" as defined in RCW 13.40.020(13) and should have been sentenced as such. The pertinent part of the definition is

a person sixteen years of age or younger . . . who has committed an offense which if committed by an adult would be a class B felony (except for any felony which is listed in subsections (1)(a), (b), or (c) of this section) and who has no prior criminal history;

Since robbery in the second degree is a class B felony listed in subsection (1)(c) of RCW 13.40.020 and appellant pleaded guilty to that crime, he cannot come within the definition of a minor or first offender unless he can establish that grievous bodily harm or use of a deadly weapon or firearm is an element of the crime. From the foregoing discussion, it is clear that these factors are aggravating circumstances pertinent to the definition of a "serious offender" in subsection (1) and have no bearing on the definition of the felonies referred to in subsection (13).

It follows that appellant is not a "minor or first offender" within the meaning of RCW 13.40.020(13), and the judgment must be affirmed.

CALLOW, C.J., and JAMES, J., concur.

Reconsideration denied January 29, 1980.

Review denied by Supreme Court April 3, 1980.